### No. 9356.

### MITCHELL v. HODGES.

REDEMPTION.—*Sheriff's Sale.*—*Statute Construed.*—There is no conflict between section 1 of the act of 1861, concerning redemptions from sales of land by sheriffs, and section 2 of the act of 1879 on that subject, and, therefore, no repeal; and a redemption from a sale made before the latter took effect could be made afterwards by complying with the former.

SAME.—*Redemption by Owner and Creditor.*—Section 7 of the act of 1879, requiring an affidavit showing the facts authorizing redemption, had no application to cases of redemption by the owner of the land, but only by a judgment creditor or mortgagee.

SAME.—*Sheriff's Sale to Administrator.*—*Decedents' Estates.*—*Collateral Attack.* —An administrator, without an order of court, bid off lands, as administrator, at a sale by the sheriff to satisfy a judgment which he had obtained as administrator. Being afterwards removed, the sheriff's deed was made to his successor, on whose very informal petition (the heirs being parties and consenting) he sold the land by order of court. The court confirmed this sale and ordered a conveyance, which was made.

*Held,* that the purchaser obtained a title which could not be questioned collaterally by one from whom he sought to redeem.

*Held,* also, that the purchaser, as owner, had a right, without affidavit, to redeem, under section 1 of the act of 1861, from a sale by the sheriff to satisfy a judgment lien senior to the judgment under which the first administrator purchased.

From the Morgan Circuit Court.

*J. V. Mitchell, W. R. Harrison* and *W. E. McCord,* for appellant.

*J. H. Jordan, G. A. Adams, J. S. Newby* and *F. P. A. Phelps,* for appellee.

FRANKLIN, C.—This is an action by Mitchell against Hodges for the possession of and to quiet the title to a certain forty-acre tract of land. There was a cross complaint filed asking the title to be quieted in Hodges. Both complaints were put at issue by general denials.

At the request of the plaintiff the court made a special finding of the facts, and stated its conclusions of law thereon. The plaintiff excepted to the conclusions of law, and the only error assigned in this court is upon that exception.

We take the following substantial statement of the facts found by the court from appellant's brief, as the same is approved by appellee's brief, and the facts in detail are too lengthy to copy:

On the 20th day of November, 1875, the First National Bank of Martinsville recovered a judgment in the Morgan Circuit Court against Henry Shepler and others, for $1,225.-

10; said Shepler, at the time of the rendition of the judgment, was the owner and in the possession in fee simple of the tract of land in dispute, in Morgan county, Indiana. On the 18th day of December, 1878, execution was issued on said judgment to the sheriff of Morgan county, who levied it on said tract of land, and, on the 29th day of March, 1879, sold it to W. R. Harrison for $350. On the 1st day of March, 1880, said Harrison transferred his certificate of said purchase to appellant. On the 12th day of April, 1880, said sheriff executed a deed, in pursuance of said sale and certificate; that appellee was in possession of the land when the sheriff executed the deed to appellant. Appellant demanded possession, which appellee refused to give. On the 4th day of February, 1876, one Francis G. Reed loaned to said Henry Shepler $2,000, and Shepler mortgaged said land, subject to the lien of said judgment, to said Reed, to secure the payment of said loan. This mortgage, under a decree of the said Morgan Circuit Court, was transferred by said Francis G. Reed to one George W. Burns, as administrator of the estate of one Norman Reed, deceased. A judgment of foreclosure was rendered upon said mortgage in favor of said estate, and, on the 29th day of December, 1876, in pursuance of said foreclosure, said land was sold by the sheriff of said county to said Burns, as such administrator, for the sum of $2,000; that said Burns made said purchase of said land without any order of court authorizing him to do so; that afterwards said Burns was removed from his trust as such administrator, and Samuel S. Griffith was appointed his successor. On the 19th day of July, 1879, said sheriff executed to said Griffith, as such administrator, a deed for said land, in pursuance of said sale and certificate to said Burns as such administrator; that at the November term, 1879, of said Morgan Circuit Court, said Griffith filed in said court a petition fully set out in the finding of facts. This petition recites that said Griffith had secured a sheriff's title on a judgment of foreclosure to the land in dispute; that Harrison had purchased the land of the sheriff upon an older

judgment lien; that Griffith, as such administrator, had no money to redeem the land from said Harrison's purchase; that the debts and claims against said estate amounted to about $800; that the land was worth $1,400; and asked to sell off of the north end of said tract enough to pay said debts, at public sale, one-half cash, residue in twelve months.

The petition was sworn to. The heirs were made parties. They entered their written appearance and consent to the granting of the prayer of the petitioner. The administrator filed an appraisement of the land and an additional bond, and the court granted an order for him to sell the land. In pursuance thereof said administrator sold the land to one Saturwhite, for the sum of $1,150. Saturwhite transferred his certificate of purchase to appellee, and, on the 9th day of September, 1880, said administrator executed a deed to the appellee for said land. On the 26th day of March, 1880, said Griffith, as such administrator, paid to the clerk of the Morgan Circuit Court $385, being the amount of the bid of said Harrison for said land, with ten per cent. interest thereon, for the redemption of said land from said sale to said Harrison; and that the clerk entered of record the fact of such payment, and that it was made with such intent to redeem. No other entry of said transaction was made, and no other paper or writing was filed therein.

Upon these findings of the facts, the court stated as its conclusions of law thereon the following:

1st. That the deed from the sheriff to appellant is void.

2d. That the deed from the administrator to the appellee is valid.

3d. That appellee is entitled to judgment, and to have his title to the land quieted.

Appellant objects to these conclusions for the following reasons:

1st. That the administrator Burns had no right to bid in the land without an order from the court so to do.

2d. That the petition of the administrator Griffith to sell

Mitchell *v.* Hodges.

the land was defective, and gave the court no jurisdiction of the cause.

3d. That the administrator Griffith had no right to redeem the land from the sale to Harrison, and that the redemption was incomplete, because no affidavit was filed or record made as is required by the 7th section of the act of 1879, providing for the redemption of lands sold under execution.

While it is the duty of an administrator to receive nothing in payment of a debt coming to the estate but money, unless otherwise ordered by the court, yet if he should bid off property at a sheriff's sale under an execution upon a debt coming to the estate, the sale would not be void. He might have been held liable to the heirs or creditors for the amount of his bid in money, or perhaps the sale might have been set aside by a direct proceeding for that purpose. But if the property so bid off is permitted to go into the assets of the estate without objection from any of the parties interested, and the purchase is tacitly approved by the courts ordering the property sold as assets of the estate, and it is so sold, and the sale approved by the court, such an irregularity in the original sale would not require it to be set aside or held for naught in a collateral proceeding.

The petition of the administrator Griffith is very informal and defective. In the caption it names certain parties as defendants, but it nowhere states why they are made defendants; it does not state the amount of the personal assets that came into his hands; it, however, avers that he had no money as such administrator to redeem the land that had been sold on an older judgment lien, and that the unpaid debts amounted to $800. The written appearance and consent of the parties named in the petition as defendants, states that they are the heirs of Norman Reed, deceased, and defendants in the above suit. These heirs appeared and consented, and thereby waived all defects in the petition. Taking the two together, we think there was enough stated to give the court jurisdiction, and third parties can not complain of these defects of the petition in a col-

lateral proceeding; and, again, property bid in and held in this way might be regarded as personal assets, and a sale by the administrator, if approved by the court and a deed ordered, would constitute a valid sale, however defective the petition for the order to sell. We think the deed made to appellee was valid.

Appellants' counsel insist that as the sale was made on the 29th day of March, 1879, a redemption from the sale could only be made under the redemption law of 1861. The redemption law of 1879, having an emergency clause, went into force March 31st, 1879, and was a general law upon this subject, containing a revision of the act of 1861, and embracing several new and conflicting provisions to the act of 1861, and thereby, by implication, repealed the act of 1861; and as it was repealed, and the sale not having been made under the act of 1879, no redemption could be made from the sale after the act of 1879 went into force. The act of 1879 contains no repealing clause, and only repeals by implication such former laws as are in irreconcilable conflict with its provisions. There is no conflict whatever between the 2d section of the act of 1879, providing for redeeming land in twelve months from the date of sale, by paying the money to the clerk, and the provisions of the 1st section of the act of 1861. Therefore, this section of the act of 1861 is not repealed, by implication, by the act of 1879. The section itself may be done away with, but its provisions are re-enacted and retained in force, and redemption could be made at any time within the year from the date of sale without regard to the other provisions of the act of 1879. *Duke* v. *Beeson,* 79 Ind. 24.

But it is insisted that as the redemption was attempted to be made after the act of 1879 went into force, it was necessary that the provisions of the 7th section of that act, requiring a statement of the facts authorizing redemption to be filed with the clerk, which should be verified and recorded in a book kept by the clerk for that purpose, should be complied with. If this were true, these provisions only apply where a judgment creditor or a mortgagee attempts to redeem, and

do not apply when the owner of the land redeems. Therefore, they could not apply to the case under consideration; and the redemption would have been valid under either of these acts under which the sale might have been made, without such affidavit being filed or record made.

We think the deed made to appellant was void on account of the land having been legally redeemed within the year from the date of the sale, and before the deed was executed to appellant.

The court below did not err in its conclusions of law, and the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.